**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:** _____

| | |
|---|---|
| Connie L. Lensegrav, | |
| Plaintiff, | |
| vs. | |
| RGS Financial, Inc., | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.   This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.   Plaintiff Connie L. Lensegrav (hereinafter "Lensegrav" or "Plaintiff") is a natural person residing in the County of Wright, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant RGS Financial, Inc. (hereinafter "RGS"), upon information and belief, is a foreign corporation that operates as a debt collection agency from an address of 3333 Earhart Drive, Suite 150, Carrollton, Texas 75006-5152.  RGS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Plaintiff allegedly incurred a financial obligation with First National Bank of Omaha, who is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.    The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.    Sometime on or before January 2009, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9.    On or about February 9, 2009, Plaintiff's attorney wrote directly to Defendant to dispute this debt, request verification thereof, and to inform Defendant that Plaintiff was represented by an attorney.  *See* Exhibit 1.

10.   On or about February 27, 2009, Defendant received the letter that was sent by Plaintiff's attorney.  *See* Exhibit 2.

11.   On or about April 17, 2009, Jane Doe, a debt collector, who was employed by Defendant at all times relevant herein, contacted Plaintiff directly by telephone at her place of employment in an attempt to collect this debt.

12.   During this telephone conversation, Jane Doe told Plaintiff that she was attempting to collect a debt on behalf of First National Bank of Omaha.

13.   Plaintiff told Jane Doe that she was represented by an attorney and that Jane Doe should contact Plaintiff's attorney.

14.   Jane Doe responded by asking Plaintiff if she was going to file for bankruptcy.

15.   Plaintiff again told Jane Doe that she was represented by an attorney and that Jane Doe should contact Plaintiff's attorney.

16.   Plaintiff also told Jane Doe that she had contacted Plaintiff at her work number and that Jane Doe should not contact Plaintiff again.

17.   Jane Doe responded by telling Plaintiff that she would not call again if Plaintiff was going to file bankruptcy.

18.   The telephone conversation then ended.

19.   By failing to cease collection efforts when Plaintiff disputed this debt through her attorney Jane Doe violated 15 U.S.C. § 1692g(b).

20.   By contacting Plaintiff at work when Jane Doe knew that Plaintiff was represented by an attorney, Jane Doe violated 15 U.S.C. § 1692c(a)(2).

21.   Jane Doe violated 15 U.S.C. § 1692d because she engaged in conduct designed to harass, oppress, and abuse Plaintiff when she contacted Plaintiff at her work after she knew or should have known that Plaintiff was represented by an attorney.

22.   Jane Doe violated 15 U.S.C. § 1692e and § 1692e(10) because she employed false and deceptive means in an attempt to collect this alleged debt.

### Respondeat Superior Liability

23.   The acts and omissions of Defendant's employee who was employed as an agent by Defendant RGS, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant RGS.

24.   The acts and omissions by Defendant's employee were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant RGS in collecting consumer debts.

25.    By committing these acts and omissions against Plaintiff, Defendant's employee was motivated to benefit her principal, Defendant RGS.

26.    Defendant RGS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

27.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

28.    Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29.    The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

30.    As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31.     As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore

Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from

Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. §

1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following

judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations

  of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15

  U.S.C.  § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15

  U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

  and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated:  February 9, 2010.                              MARSO AND MICHELSON, P.A.



                                        By:    s/Patrick L. Hayes
                                               Patrick L. Hayes
                                               Attorneys for Plaintiff
                                               Attorney I.D. No.:0389869

3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com